## Richmond

### HENRY E. HOWELL, JR. v. STATE CORPORATION COMMISSION AND VIRGINIA ELECTRIC AND POWER COMPANY.

August 30, 1973.

Record No. 8102.

Present, All the Justices.

*Henry E. Howell, Jr., pro se.*

*Richard D. Rogers, Jr.; Evans B. Brasfield (Joel H. Peck; George D. Gibson; John W. Riely; Guy T. Tripp, III; Hunton, Williams, Gay & Gibson*, on brief), for appellees.

Per Curiam.

Appellant, Henry E. Howell, Jr., was one of many "consumer intervenors" in the hearings before the State Corporation Commission (Commission) on Virginia Electric and Power Company's (VEPCO) 1971 application for an increase in electric rates. The Commission's order of June 28, 1972, granted VEPCO a rate increase of 52 percent of its request. But that issue is not before us on this appeal.

The questions presented on this appeal are whether the Commission erred in denying appellant's motion requesting (1) that either VEPCO or the Commission furnish him a free transcript of the evidence presented in the hearings on VEPCO's application for use in appealing the Commission's June 1972 decision; and (2) that the Commission certify and transmit the record in that case to this court without charge.

Appellant contends that the Commission's order denying his motion violated the statutes of Virginia, the due process clause of her Constitution, and the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, and is in conflict with other legal authorities cited.

We find nothing in our statutes, the Constitutions of the United States and Virginia, or the legal authorities cited by appellant that requires either VEPCO or the Commission to furnish the appellant with a free transcript of the evidence, or the Commission to make up, certify and transmit the record to this court without charge.

Code § 12.1-19(3) requires the clerk of the Commission, when requested, to make up and certify any record on file in his office, and, except when made at the instance of the Commission or on behalf of the Commonwealth, to charge and collect the fees fixed by Code § 13.1-124. The fees required by § 13.1-124 for making up, certifying and transmitting the record are fifty cents per page for all papers necessary to be copied and, in addition, the sum of five dollars. There are no provisions in the statutes exempting a "consumer intervenor" from the payment of those fixed costs.

Virginia law, however, is not silent in protecting consumers' interests. Article 9, § 2, of the Constitution of Virginia; Code § 12.1-12. Code § 2.1-133.1 provides for the creation of a Division of Consumer Counsel in the office of the Attorney General to represent consumers' interests before the Commission. In addition, Rules 8 and 10 of the Commission permit any party in interest to appear and intervene in hearings before the Commission. Transcripts of the evidence are filed in the office of the clerk of the Commission and with each commissioner, and are available for public inspection and use. The Commonwealth, or any party in interest aggrieved by any final order of the Commission, has an appeal of right to this court, but the method of taking and prosecuting such an appeal must be in the manner prescribed by law or by the Rules of this court. Article 9, § 4, of the Virginia Constitution; Code §§ 12.1-39, 12.1-40; Rule 5:18.

The Attorney General, as a representative of consumers, participated fully in the rate hearings before the Commission. When VEPCO agreed to meet certain stipulated conditions insisted upon by the Attorney General, but not required by the Commission's order of June 28, 1972, the Attorney General, in the exercise of his judgment

that the interests of consumers had been adequately protected, withdrew his announced intention to appeal the Commission's order.

The procedures prescribed for protecting consumers' interests satisfy the requirements of the due process clause of the Virginia Constitution and the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

Since there are no statutes or constitutional provisions relieving appellant from the payment of the normal costs of an appeal as a "consumer intervenor" in his individual capacity or as Lieutenant Governor of Virginia, the order of the Commission is

*Affirmed.*